THE STATE OF OHIO, APPELLEE, *v.* HENRY, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* HENRY, APPELLANT.

(Nos. 80AP-549 and 550—Decided March 19, 1981.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. Jerry Weiner,* for appellants.

COOK, J. Defendants-appellants, Jack J. Henry (case No. 80AP-549) and Lorraine Yvonne Henry (case No. 80AP-550), have appealed their convictions for possession of a dangerous ordnance. (The two cases have been consolidated for purposes of appeal.)

On November 30, 1979, several officers of the Columbus Police Department were dispatched to the Budgetel Motel where they were shown a modified .45 caliber Fox Carbine and a bloodstained bedspread which a motel maid had found in room 219 of said motel. Rooms 218 and 219 were registered to Lorraine Henry, but the police were advised that she was staying in room 219 with Jack Henry. The police placed the two rooms under surveillance and arrested Lorraine Henry when she returned. Armed with a warrant, the police searched the two motel rooms. A vial with white powder was found in a suitcase in room 219, and a white powder was found in Lorraine Henry's purse.

Jack Henry was indicted for one count of unlawful possession of a dangerous ordnance and one count of trafficking in drugs. Lorraine Henry was indicted for one count of trafficking in drugs, one count of unlawful possession of a dangerous ordnance, and one count of drug abuse.

Appellants filed a motion to suppress evidence which was overruled. Both appellants then entered pleas of no contest to the count of unlawful possession of a dangerous ordnance. They were found guilty by the trial court and have appealed their convictions to this court, filing the following assignment of error:

"The trial court committed prejudicial error in overruling defendants-appellants' motion to suppress the weapon found in their motel room."

The assigned error is without merit.

In support of their assigned error, appellants argue that the .45 caliber Fox Carbine should have been excluded from evidence because it was seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

However, the evidence offered at the hearing on the motion to suppress clearly indicates that the subject .45 caliber Fox Carbine was found by a *maid* at the Budgetel Motel in room 219 of said motel

and taken by her to the office of the manager of the motel, where it was later shown to the police by the manager. The subject weapon was not seized by the police in their subsequent search of room 219 with a search warrant, despite its being listed by the police in the inventory of items seized pursuant to the search warrant.

The Fourth Amendment is a restriction against government action only. The seizure by a private person is not prohibited by the Fourth Amendment to the United States Constitution. *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443; *Irvine* v. *California* (1954), 347 U.S. 128; *Burdeau* v. *McDowell* (1921), 256 U.S. 465; *State* v. *McDaniel* (1975), 44 Ohio App. 2d 163 [73 O.O.2d 189].

In the instant cause, the seizure of the .45 caliber Fox Carbine in room 219 was by a maid of the motel and not by any agent of the government. Therefore, such a seizure was not the result of government action and the trial court properly overruled appellants' motion to suppress the gun as evidence.

For the foregoing reasons, the assignment of error is overruled and the judgments of the Court of Common Pleas of Franklin County are affirmed.

*Judgments affirmed.*

WHITESIDE and MOYER, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.